# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

MELISSA A. ZERANCE            *
                              *
                              *
       v.                     *    Civil Action No. WMN-15-2883
                              *
BNC MORTGAGE, INC. et al.     *
                              *
* * * * * * * * * * * * *

**MEMORANDUM**

Before the Court is a Motion to Dismiss filed on September 30, 2015, by Defendants Wells Fargo Bank, N.A. (Wells Fargo) and U.S. Bank National Association, as Trustee for BNC Mortgage Loan Trust 2006-2, Mortgage Pass-Through Certificates, Series 2006-2 (U.S. Bank). ECF No. 12. On October 1, 2015, the Clerk of the Court sent a letter to Plaintiff, who is proceeding pro se, informing her that a motion had been filed that could result in the dismissal of her case and that she had 17 days from the date of that letter to respond to the motion. ECF No. 14. Plaintiff has not filed a response. Upon review of the motion and the applicable case law, the Court determines that no hearing is necessary, Local Rule 105.6, and that the motion will be granted.

Plaintiff obtained a home mortgage from Defendant BNC Mortgage, Inc. (BNC Mortgage) in 2006. Shortly thereafter, BNC Mortgage transferred the mortgage note to U.S. Bank. Wells

Fargo became the servicer of the mortgage on behalf of U.S. Bank. On June 15, 2009, Plaintiff entered into a Loan Modification Agreement with Wells Fargo. As part of that agreement, Plaintiff affirmed that the unpaid principal on the mortgage loan was $164,382 and she agreed to capitalize the outstanding interest, pay the unpaid principal balance plus interest, and make monthly payments of $1,072.93. ECF No. 12-3 at 36.

On or about September 2, 2014, Plaintiff defaulted on the loan by failing to make those promised payments and, on May 8, 2015, a foreclosure action was initiated against Plaintiff in the Circuit Court for Anne Arundel County, Maryland. Plaintiff then filed this Complaint in that same court asserting claims for "Breach of Contract," "Slander of Title," "Declaratory Relief," and "Temporary Restraining Order and for Injunctive Relief." ECF No. 2. Defendants Wells Fargo and U.S. Bank[1] timely removed the action to this Court and filed the instant motion to dismiss.[2]

---

[1] There is no indication in the record that the third Defendant in this action, BNC Mortgage, was ever served with the Summons and Complaint. It was, in fact, dissolved as a corporation in 2007. See ECF No. 1-4 (Report of Maryland State Department of Assessments & Taxation).

[2] With the Motion to Dismiss, Defendants attached certain public records, including land records and filings from the state foreclosure proceedings. ECF Nos. 2-2, 2-3, and 2-4. In that Plaintiff did not file any opposition to the pending motion, the

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. Presley v. City of Charlottesville, 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n. 3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, Albright v. Oliver, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff. See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, however,

---

authenticity of those documents has not been challenged and the Court can consider them in deciding the motion. Witthohn v. Federal Ins. Co., 164 F. App'x 395, 396 (4th Cir. 2006) (noting that, in ruling on a motion to dismiss, a court can consider official public records so long as the authenticity of those documents has not been disputed).

unsupported legal allegations need not be accepted. <u>Revene v. Charles Cnty. Comm'n</u>, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, <u>Iqbal</u>, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, <u>United Black Firefighters v. Hirst</u>, 604 F.2d 844, 847 (4th Cir. 1979).

The Court finds no factual support for any of Plaintiff's claims. As to the breach of contract claim, Plaintiff appears to allege that Covenant 23 of the Deed of Trust was breached when BNC Mortgage transferred the mortgage to U.S. Bank. <u>See</u> Compl. ¶ 16 (alleging that BNC Mortgage, "for payment rendered, divested itself of the Note and Deed of Trust but did not comply with the covenants of the Deed of Trust, specifically Covenant 23"). Covenant 23 of the Deed of Trust provides as follows:

> <u>Release</u>. Upon payment of all sums secured by this Security Instrument, Lender or Trustee, shall release this Security Instrument and mark the Note paid and return the Note to the Borrower. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

<u>ECF No</u>. 12-3, Deed of Trust at 13. This Release provision, of course, is not triggered by a simple transfer of the note. Plaintiff makes no claim that she has satisfied the loan. In fact, when she entered into the Loan Modification Agreement in

4

June of 2009, well after the transfer to U.S. Bank, she affirmed her continued obligation to make payments under the note.

Plaintiff also appears to suggest that the Deed of Trust was somehow breached by the failure to record the transfer of the mortgage note, alleging that "[s]uch instrument remained within the collateral file and was never submitted for recordation to perfect defendants' rights to real property." Compl. at 5. There is no obligation, however, to record a mortgage note, only the deed of trust must be recorded and a copy of the Deed of Trust evidencing its recordation was submitted with the Complaint. See ECF No. 2 at 23 (copy of Deed of Trust showing recordation beginning at Liber 1821, Folio 083).

Plaintiff's "Slander of Title" claim appears to be premised on the same erroneous contention as her Breach of Contract claim. "To maintain a claim for slander of title, also known as the tort of injurious falsehood, a plaintiff must establish that the defendant, with malice, published a known falsity to a third party that caused special damages." Gibbons v. Bank of Am. Corp., Civ. No. JFM-08-3511, 2012 WL 94569, at *10 (D. Md. Jan. 11, 2012). In support of this claim, Plaintiff asserts that "[h]ad BNC Mortgage, Inc. released the Property and surrendered the Security Instrument to the person or persons legally entitled to it upon the payment of all sums secured by BNC

5

Mortgage, Inc., rather than breach the contract, Plaintiff would have a clear and marketable title." Compl. ¶ 19. As noted, however, Plaintiff is not entitled to a release as she has yet to repay her obligations under the lease and, thus, there was no falsity concerning her title published by Defendants.

Plaintiff's claims for declaratory and injunctive relief fail for the same reasons. Plaintiff seeks a declaration that she is the sole title owner to the property based on the alleged breach of Covenant 23 and that, based on her claim of sole title to the property, seeks to enjoin the foreclosure proceedings in the state court. Beyond the faulty premise on which these requests are based, they would also be denied in light of this Court's lack of jurisdiction over such requests. See Tucker v. Specialized Loan Servicing, LLC, 83 F. Supp. 3d 635, 641 (D. Md. 2015) (dismissing claims for declaratory and injunctive relief that would preempt a state foreclosure action).

For these reasons, Defendants' motion will be granted and the Complaint dismissed in its entirety. A separate order will issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge

November 24, 2015